UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DIALLO OUMAR,
    Petitioner,

vs.

U.S. ATTORNEY GENERAL, et al.,
    Respondents.

Case No. 1:16-cv-1150

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This habeas corpus action brought pro se pursuant to 28 U.S.C. § 2241 is before the Court on respondents' motion to dismiss for lack of jurisdiction (Doc. 10), to which petitioner has not responded.[1] For the reasons stated below, it is recommended that the motion be granted.

On December 15, 2016, petitioner initiated this action for a petition for a writ of habeas corpus. Petitioner challenges his continued detention by the United States Immigration and Customs Enforcement Agency (ICE) pursuant to a removal order. (Doc. 1). Petitioner was taken into ICE custody on or about January 18, 2016. Petitioner argues that his continued detention is unlawful because he has been detained for more than six months with no significant likelihood of his actual removal, in violation of *Zadvydas v. Davis*, 553 U.S. 678 (2001).[2] (*See* Doc. 1 at PageID 3–5). Petitioner seeks immediate release from custody. (*Id.* at PageID 6).

On April 19, 2017, respondents filed a motion to dismiss this action for lack of jurisdiction. (Doc. 10). According to respondents, petitioner has been removed from the United States. In support of the motion, respondents include the Declaration of Luke Affholter, a

---

[1] On April 7, 2017, the Court ordered petitioner to show cause why this matter should not be dismissed for want of jurisdiction within fifteen (15) days, after the Court's prior orders were returned as undeliverable. (*See* Doc. 7). On April 17, 2017, the show cause order was also returned to the court as undeliverable. (Doc. 9). To date, petitioner has failed to respond to the Order of the Court.

[2] In *Zadvydas*, the Supreme Court held that indefinite detention of an alien who has been ordered removed was not authorized by 8 U.S.C. § 1231(a) and created a presumptive rule that after six months of custody an alien should be released if there is "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Deportation Officer for ICE. Affholter attests that petitioner was removed from the United States to Guinea on March 22, 2017. (Doc. 10-1, Affholter Declaration at PageID 31). In light of petitioner's release from custody, respondents contend that the petition should be dismissed for lack of jurisdiction.

Respondents' motion should be granted. Article III, § 2 of the United States Constitution limits the federal judicial power to the adjudication of cases and controversies. In the context of a habeas corpus petition, a district court generally lacks jurisdiction over the petition if the petitioner is not in government custody. Therefore, except in limited circumstances not applicable to the case-at-hand,[3] a petitioner's release from custody generally moots a habeas petition. *See Lane v. Williams*, 455 U.S. 624, 631–32 (1982).

Petitioner does not challenge his removal order in this case. He instead contests his indefinite detention pending removal. (*See* Doc. 1). In these circumstances, petitioner's March 22, 2017 removal renders this action moot and deprives the Court of jurisdiction. *See Novikova v. Prendes*, Case No. 3:06-cv-0039, 2006 WL 1424255, at *2 (N.D. Texas May 24, 2006) (finding that the removal of a petitioner challenging her detention pending removal deprived the district court of jurisdiction to consider the habeas petition). *See also Felix v. Bureau of Immigration and Customs Enforcement*, No. 3:05-cv-2211, 2007 WL 951452, at *1 (M.D. Pa. Mar. 27, 2007) ("When an alien subject to removal challenges only his detention pending removal, his release pending removal, whether or not conditional, entails no collateral consequences. It renders the petition moot because he has received all the relief he sought and would have been entitled to."); *see also Kahn v. Attorney General*, Case Nos. 1:15-cv-2014, 1:16-cv-85, at *2 (N.D. Ohio May 17, 2016) ("As Petitioner has received his requested relief by

---

[3] Petitioner has not alleged nor is the undersigned aware of any basis to find that petitioner will suffer future collateral consequences as a result of the detention or that the case is "capable of repetition, yet evading review." *See Spencer v. Kemna*, 523 U.S. 1, 7–8, 17–18 (1998).

2

being released from custody on an order of supervision, there is no longer an active case or controversy.") (Report and Recommendation), *adopted*, 2016 WL 4009885 (N.D. Ohio June 25, 2016); *Willix v. Holder*, No. 1:11-cv-894, 2012 WL 463830, at *1 (W.D. Mich. Jan 24, 2012) (finding habeas petition moot where petitioner seeking release pending removal is released pursuant to an order of supervision) (Report and Recommendation), *adopted*, 2012 WL 463825 (W.D. Mich. Feb. 13, 2012). Therefore, because petitioner has been removed, the undersigned recommends that respondents' motion to dismiss (Doc. 10) be **GRANTED** and the petition be dismissed.

    **IT IS SO RECOMMENDED.**

                                           *s/ Stephanie K. Bowman*
                                           Stephanie K. Bowman
                                           United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DIALLO OUMAR,　　　　　　　　　　　　　Case No. 1:16-cv-1150
　　　Petitioner,
　　　　　　　　　　　　　　　　　　　　　Barrett, J.
　vs.　　　　　　　　　　　　　　　　　　Bowman, M.J.

U.S. ATTORNEY GENERAL, et al.,
　　　Respondents.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).